IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REAGAN EXLEY, | Civil Action |
| Plaintiff, | No. 1:23-cv-231 |
| v. | |
| CHILD DEVELOPMENT CENTER, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Reagan Exley, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1.  The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991; 42 U.S.C. §2000e-5; 28 U.S.C. §§1331, and 1343(a).

2.  Plaintiff has satisfied all the procedural and administrative requirements set forth in Title VII and in particular:

    a.  Plaintiff filed a timely written charge of discrimination on with the Equal Opportunity Employment Commission on February 2, 2023, and cross filed with the Pennsylvania Human Relations Commission. Plaintiff also filed a timely written amended charge of discrimination with the Equal Opportunity Commission on May 23, 2023, and cross filed with the Pennsylvania Human Relations Commission;

    b.  Plaintiff received a Notice of Right to Sue from the EEOC dated July 21, 2023; and

    c.  This action was filed with this Court within 90 days of receipt of that Notice.

## II. Parties

3. Plaintiff, Reagan Exley is an adult individual who resides at 112 East 5th Street, Oil City, Venango County, Pennsylvania 16301.

4. Defendant, Child Development Center, Inc. is a corporation with its principal place of business at 701 East Third Street, Oil City, Venango County, Pennsylvania 16301. Defendant is an employer within the meaning of Title VII because it employs more than 15 employees. At all times relevant, Defendant was Ms. Exley's employer.

5. At all times relevant hereto, Defendants acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## III. Factual Background

6. Exley was hired by Defendant on around May 23, 2022 and began working for Defendant on around June 14th following the completion her background check and training. Exley worked for Defendant as an Assistant Teacher until her termination on December 21, 2022.

7. Six weeks pregnant at the time she was hired, Exley had all of her prenatal doctor appointments scheduled months in advance and pre-approved by her supervisor at the time.

8. At the end of July, 2022, Exley found a Rosary on the ground and asked her co-worker whose Rosary it was.

9. The co-worker told Exley which child the Rosay belonged to and also that the child thought it was just a necklace.

10. Exley informed her co-worker she was Catholic and knew it was a Rosary.

11. About an hour later, Exley was called into Defendant's office where Devon Eismont and Amanda Stevens yelled at her and told her was going to be sent home unless she signed a form

saying she was getting a written warning for teaching witchcraft to children.

12. After this meeting, Exley emailed Defendant's Human Resources saying how she felt discriminated against whenever she was questioned about her religion and was not allowed to tell the truth about what had happened.

13. Defendant's Human Resources held a meeting with Exley and Stevens the following week.

14. After the meeting, Exley was taken aside by a woman named Pam and told she was going to be transferred because they felt that Stevens had created a dangerous situation for her.

15. Exley was moved to the Franklin Infant Toddler Center for a month before school started and then to Defendant's Grant Street location.

16. However, at the end of November, 2022, Defendant transferred Stevens to the Grant Street location and she became Exley's head supervisor.

17. As soon as Defendant transferred Stevens, Exley's pre-approved pre-natal doctor's appointments started to become an issue.

18. On December 12th, Exley was hospitalized overnight due to pregnancy related concerns.

19. Exley texted Stevens the night she was admitted into the hospital and told it would be excused as long as she brought in a doctor's note which she did.

20. In the third trimester of her pregnancy, Exley developed pre-eclampsia and hip pain that gave her trouble walking.

21. Exley asked Defendant is she could go on leave early because of the new health concerns and also inquired about working half days so she could attend to her doctor's appointments without missing work, but she was denied.

22. Instead on December 21, 2022, Defendant terminated Exley while she was in her 9th month of pregnancy for missing work.

23. Exley had received no prior warnings from Respondent about missing work and had never received any complaints about her performance.

24. Indeed, the unexcused absences claimed by Defendant as the reason for the termination included days Exley had previously requested and approved along with her December 12th hospitalization.

25. Defendant had also informed Exley that she would have twelve weeks of maternity leave but did allow her to go on medical leave and instead terminated her employment.

### Count I
### Title VII
### Pregnancy and Gender Discrimination

26. Plaintiff incorporates by reference the allegations in paragraphs 1 through 25 as if fully set forth herein.

27. Defendants fired Plaintiff because of her sex and pregnancy in violation of 42 U.S.C. §2000e-2(a)(1).

28. Defendants' actions were done with reckless indifference to Plaintiff's federally protected rights.

29. As a direct and proximate result of Defendants' actions, Plaintiff lost her job and suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Plaintiff demands judgment against Defendants for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), as follows:

    a. That Defendants be ordered to reinstate Plaintiff into the position she

   occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

  b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on December 21, 2022;

  c. That Defendants be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

  d. That Defendants be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

  e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

  f. That Plaintiff be awarded punitive damages against Defendants in an amount sufficient to punish them and to deter similar conduct;

  g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

  h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee;

  i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

<b>Count II<br>Title VII<br>Religious Discrimination</b>

30. Plaintiff incorporates by reference the allegations in paragraphs 1 through 29 as if fully set forth herein.

31. Defendants fired Plaintiff because of her religious beliefs in violation of 42 U.S.C.§2000e-2(a)(1).

32. Defendants' actions were done with reckless indifference to Plaintiff's federally

protected rights.

33. As a direct and proximate result of Defendants' actions, Plaintiff lost her job and suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Plaintiff demands judgment against Defendants for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), as follows:

a. That Defendants be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on December 21, 2022;

c. That Defendants be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

d. That Defendants be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Plaintiff be awarded punitive damages against Defendants in an amount sufficient to punish them and to deter similar conduct;

g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count III
## Title VII
## Retaliation

34. Plaintiff incorporates by reference the allegations in paragraphs 1 through 33 as if fully set forth herein.

35. Defendants fired Exley because she opposed conduct made illegal under Title VII of the Civil Rights Act of 1964, in violation of 42 U.S.C. §2000e-3(a). Specifically, Exley opposed being disciplined because of her religious beliefs.

36. Defendant's retaliation was intentional and taken with reckless indifference to Exley's federally protected right to not be retaliated against for opposing conduct made illegal under Title VII.

37. As a direct and proximate result of Defendant's intentional and reckless actions, Plaintiff has sustained the injuries set forth below:

   a. Loss of income and benefits;

   b. Humiliation;

   c. Loss of reputation;

   d. Inconvenience; and

   e. Emotional Distress.

WHEREFORE, Plaintiff Reagan Exley demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

   a. That Defendants be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.     That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on December 21, 2022;

c.     That Defendants be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

d.     That Defendants be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e.     That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.     That Plaintiff be awarded punitive damages against Defendants in an amount sufficient to punish them and to deter similar conduct;

g.     That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

h.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

i.     That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

*/s/ John S. Black, III*
John E. Black, III
Pa.I.D. #83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 394-4446
jblack@edgarsnyder.com

Attorney for Plaintiff

8